IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

TONYA RAKOWSKI,

               Plaintiff,

      v.

CITY OF BRIGANTINE, NEW
JERSEY, and MARION DAVOLI,

              Defendants.

Civil No. 19-21847 (RMB/SAK)

**OPINION**

**APPEARANCES**
Michael J. Lorusso
Dugan Brinkmann Maginnis & Pace
1880 JFK Boulevard, 14th Floor
Philadelphia, Pennsylvania 19103

     *On behalf of Plaintiff*

Erin R. Thompson
Birchmeier & Powell, Esqs.
1891 State Highway 50
P.O. Box 582
Tuckahoe, New Jersey 08250

     *On behalf of Defendant City of Brigantine, New Jersey*

Frank John Caruso, Jr.
Aron Grant Mandel
John Charles Simons
Hoagland Longo Moran Dunst & Doukas LLP
40 Paterson Street
P.O. Box 480
New Brunswick, New Jersey 08903

     *On behalf of Defendant Mario Davoli*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon the unopposed Motions for Summary Judgment filed by Defendants City of Brigantine, New Jersey ("Brigantine") and Mario Davoli ("Davoli"). [Docket Nos. 24, 25.] For the reasons expressed herein, the Court will grant Defendants' Motions.

## I.   BACKGROUND

Plaintiff Tonya Rakowski alleges that she tripped and fell on a "severely cracked, deteriorated, uneven and/or depressed" sidewalk while on a walk in Brigantine, New Jersey, on June 26, 2018. [Docket No. 1, at ¶¶ 8–11.] The sidewalk abutted 2501 Ocean Avenue, which Davoli owns. [*See id.*, ¶¶ 3, 9.] Plaintiff alleges to have suffered injuries to her right arm and shoulder from the fall. [*Id.*, ¶ 9.] She also claims that Defendants "had a duty to inspect, repair and maintain the subject sidewalk in a reasonably safe condition for persons lawfully on said premises, and to discover and warn the public and all invitees, including Plaintiff, of any hazards or dangerous conditions thereupon." [*Id.*, ¶ 14.]

Plaintiff filed this suit on December 23, 2019, alleging two counts of negligence: one against Brigantine (Count I) and one against Davoli (Count II). [*See id.*, ¶¶ 21–30.] Davoli filed her pending Motion for Summary Judgment on August 12, 2021. [Docket No. 24.] Brigantine filed its pending Motion for Summary

Judgment on August 13, 2021.[1] [Docket No. 25.] Plaintiff did not file a brief in opposition to either of those Motions. [*See* Docket.]

## II.   JURISDICTION

The Court exercises subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are diverse[2] and the amount in controversy exceeds $75,000.

## III.   LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" only if it might impact the "outcome of the suit under the governing law." *Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 261 (3d Cir. 2012). A dispute is "genuine" if the evidence would allow a reasonable jury to find for the nonmoving party. *Id.*

The movant has the initial burden of showing through the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits "that the non-movant has failed to establish one or more essential elements of its case." *Connection Training Servs. v. City of Phila.*, 358 F. App'x 315, 318 (3d Cir. 2009). "If

---

[1] Defendants both filed crossclaims against one another for contribution and indemnification. [*See* Docket No. 7, at 5; Docket No. 9, at 5–6.] The Court will dismiss those crossclaims as moot given that the underlying claim fails.

[2] Plaintiff is a citizen of Virginia, while Davoli and Brigantine are both citizens of New Jersey.

the moving party meets its burden, the burden then shifts to the non-movant to establish that summary judgment is inappropriate." *Id.*

In the face of a properly supported motion for summary judgment, the non-movant's burden is rigorous. They "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995); *accord Jackson v. Danberg*, 594 F.3d 210, 227 (3d Cir. 2010) (noting that "speculation and conjecture may not defeat a motion for summary judgment") (citing *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 228 (3d Cir. 2009)).

The same basic legal analysis applies when a summary judgment motion is unopposed. *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168 (3d Cir. 1990). However, the material facts put forth by the movant are deemed undisputed pursuant to Local Civil Rule 56.1(a): "[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."

## IV.   ANALYSIS

### A.   Davoli

Plaintiff alleges that Davoli is liable for, generally speaking, negligently creating, exacerbating, failing to remedy, and/or failing to warn others of the unsafe condition of the sidewalk that abutted her property. [*See* Docket No. 1, ¶ 28.] Davoli denies these allegations. [*See* Docket No. 9, ¶¶ 26–30; Docket No. 24.] Plaintiff,

having failed to respond to Davoli's Motion for Summary Judgment, offers no facts in support of these assertions. Resultingly, there are no disputes of material fact.

In New Jersey, residential property owners have no duty to maintain public sidewalks that abut their property, as long as they did not "create or exacerbate [the] dangerous sidewalk condition." *Luchejko v. City of Hoboken*, 207 N.J. 191, 210 (2011). Here, there is no evidence that Davoli created or exacerbated the dangerous sidewalk condition. Therefore, pursuant to "longstanding" New Jersey Supreme Court precedent, *see id.* at 195, Davoli is not liable in this matter and the Court will grant her Motion for Summary Judgment.

## B.    Brigantine

Plaintiff makes the same allegations against Brigantine. [Docket No. 1, ¶ 23.] Brigantine invokes the New Jersey Tort Claims Act, which stipulates that "[a] public entity is liable for injury caused by a condition of its property if the plaintiff establishes" four things: (1) "that the property was in dangerous condition at the time of the injury," (2) "that the injury was proximately caused by the dangerous condition," (3) that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred," and (4) that either (a) "a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition" or (b) "a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition." N.J. STAT. ANN. § 59:4-2.

Here, Plaintiff presents no evidence that a Brigantine employee created the crack in the sidewalk here, nor that Brigantine had actual or constructive notice of its condition.[3] Therefore, Plaintiff has not satisfied the fourth prong of the Tort Claims Act, and the Court will grant Brigantine's Motion for Summary Judgment.

## V.   CONCLUSION

Therefore, for the reasons expressed herein, the Court will grant Defendants' Motions for Summary Judgment. [Docket Nos. 24, 25.]

February 3, 2022                                  s/Renée Marie Bumb
Date                                             Renée Marie Bumb
                                                 United States District Judge

---

[3] Brigantine also argues that Plaintiff fails to establish that the crack in the sidewalk amounted to a "dangerous condition" as required by the Tort Claims Act. [Docket No. 25, at 5–7.] The Court need not address that argument, as it is granting Brigantine's Motion on other grounds.

6